NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY A. PATEL, | No. 16-55462 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07372-GW-SS |
| v. | |
| PATRICK DeCAROLIS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 26, 2017**

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Anthony A. Patel, a former attorney, appeals pro se from the district court's

order denying his motion for reconsideration in his 42 U.S.C. § 1983 action

alleging federal and state law claims arising out of defendants' conduct in his state

marital dissolution proceedings. We have jurisdiction under 28 U.S.C. § 1291.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying Patel's motion for reconsideration of its original dismissal orders because Patel failed to demonstrate any basis for relief. *See id.* at 1263 (setting forth grounds for relief from judgment under Federal Rule of Civil Procedure 60(b)).

The district court did not abuse its discretion by denying Patel's ex parte application for leave to file a late reply because Patel failed to establish excusable neglect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-61 (9th Cir. 2010) (setting forth standard of review and factors for determining whether neglect is excusable).

We reject as meritless Patel's contentions regarding judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-55462